**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWAYNE T. DIXON** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 12-3756** |
| | : | |
| **SLOAN D. GIBSON, Acting Secretary** | : | |
| **of Veterans Affairs**[*] | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                                                  **June 24, 2014**

Plaintiff, a former employee of the Department of Veterans Affairs ("VA"), filed suit alleging discrimination and retaliation under the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Defendant moved to dismiss the complaint, arguing that Plaintiff failed to initiate the required contact with an Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."[1] In response, Plaintiff argued that equitable tolling excused his timely compliance with the regulations. The Court denied the motion to dismiss and allowed the parties to conduct discovery on the issue of the timeliness of Plaintiff's administrative complaint. Discovery on this issue completed, Defendant now moves for summary judgment, and for the reasons that follow, the motion will be granted.

---

[*] Substituted pursuant to Fed. R. Civ. P. 25(d).

[1] 29 C.F.R. § 1614.105(a)(1).

## I.       Background

The facts, where disputed, are set forth in the light most favorable to Plaintiff as the non-moving party.  Plaintiff began working for the VA in 2007.  In January 2010, Plaintiff was diagnosed with a periodontal disease and was disciplined for missing four days of work.  Plaintiff complained to an EEO Counselor about this discipline, but no formal complaint was filed.  On January 7, 2011, Plaintiff was constructively discharged by the VA.  On January 9, 2011, Plaintiff filed a claim for unemployment compensation with the Unemployment Compensation Board of Review, Department of Labor and Industry of the Commonwealth of Pennsylvania.[2]  On February 14, 2011, Plaintiff, without professional assistance, drafted the paperwork and filed an appeal of the denial of the Unemployment Compensation Board of Review.[3]  On March 9, 2011, Plaintiff appeared before the Unemployment Compensation Board of Review for a hearing and testified.[4]

On November 25, 2011, Plaintiff initiated contact with an EEO Counselor.[5]  There is no dispute that this contact came long after the 45 days mandated in the regulations.  On March 5, 2012, Plaintiff filed a formal complaint of race and age discrimination with the VA.[6]  On April 18, 2012, the VA made a final agency decision to dismiss Plaintiff's complaint as untimely, determining that Plaintiff could have initiated contact with an EEO Counselor in a timely

---

[2] Referee's Order, Feb. 7, 2011, Ex. B to Def.'s Mot. Summ. J.

[3] Dixon Dep., Nov. 1, 2013 at 35-36, Ex. D to Def.'s Mot. Summ. J.

[4] *Id.* at 36.

[5] Notice of Dismissal, Apr. 18, 2012, Ex. C, to Def.'s Mot. Summ. J.

[6] *Id.*

manner, because he was able to pursue his unemployment compensation case immediately after his constructive discharge.[7]  This lawsuit followed.

## II.      Standard of Review

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[9] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]  "On summary judgment, inferences to be drawn from underlying facts contained in moving party's materials must be viewed in light most favorable to party opposing motion."[11]

## III. Discussion

Before filing a complaint under Title VII or ADEA in federal court, an aggrieved employee must first "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory."[12]  The agency shall dismiss an entire complaint that "fails to comply with the applicable time limits contained in [§]1614.105"[13] unless the time limits "are subject to waiver, estoppel and equitable tolling."[14]  The regulations therefore accord with case law holding that such pre-suit requirements "should not be treated as inflexible jurisdictional

---

[7] *Id.*

[8] Fed. R. Civ. P. 56(a).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10] *Id.*

[11] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[12] 29 C.F.R. § 1614.105(a)(1).

[13] 29 C.F.R. § 1614.107(a)(2).

[14] 29 C.F.R. § 1614.604(c).

prerequisites, but should be subject to equitable modifications."[15]  At the same time, "strict adherence to the procedural requirements [for gaining access to the federal courts] specified by the legislature is the best guarantee of evenhanded administration of the law."[16]

The questions before the Court are straightforward:  Did Plaintiff timely initiate contact with an EEO counselor, which both parties agree is a prerequisite to filing suit in this Court, and, if not, is the delay equitably tolled either by Plaintiff's health problems or his fear of violence and physical harm from VA employees?  The first question requires little discussion.  Plaintiff contends that he exhausted administrative remedies when he spoke with an EEO counselor in September 2010 regarding discipline imposed by the VA at that time.[17]  Plaintiff argues that because that discipline was a "precursor to his ultimate constructive discharge" this contact "satisfied the exhaustion requirement also with respect to his January 7, 2011 constructive discharge."[18]  However, there is no dispute that Plaintiff never filed a formal complaint after the 2010 meeting, and therefore failed to exhaust administrative remedies.[19]  More importantly, that meeting related to a discrete employment action (discipline for missing work) and not to the constructive discharge, which occurred months later. Therefore, Plaintiff did not timely exhaust his administrative remedies, and the Court must consider whether the failure to do so may be excused through equitable tolling.

The Court of Appeals for the Third Circuit has set forth three circumstances in which equitable tolling may be invoked: "(1) where the defendant has actively misled the plaintiff

---

[15] *Hart v. J.T. Baker Chemical Co.*, 598 F.2d 829, 832 (3d Cir. 1979).

[16] *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (internal quotation omitted).

[17] Pl.'s Mem. Law Opp'n  Def.'s Mot. Summ. J. at 6.

[18] *Id.*

[19] 29 C.F.R. §§ 1614.105-.106

respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[20]  With regard to the first circumstance, Plaintiff concedes that he knew how to pursue an EEO complaint from the posters and newsletter published at his work location by the VA[21] and that he was on notice of the requirement for filing an EEO complaint.[22]  Given that Plaintiff had previously initiated contact with an EEO counselor when he was disciplined a year before his employment ended, there is no dispute that he was aware of the requirement and that the VA did not "actively mislead" him into failing to exhaust administrative remedies.  There is also no dispute that the third circumstance, timely assertion in the wrong forum, is not at issue here.  Therefore, the only question is whether Plaintiff's health problems or the alleged threats from VA employees constitute extraordinary circumstances that prevented him from asserting his rights in a timely manner.  The Court holds that as a matter of law they did not.

Plaintiff states that he was diagnosed with a "major depressive disorder by VA doctors in December 2010" and received therapy.[23]  However, the contention that Plaintiff's health problems prevented him from pursuing his administrative remedies is fatally undercut by the undisputed fact that, within days after his employment ended, Plaintiff filed a claim for unemployment compensation, appealed the denial of his claim, attended the appeal hearing in person, and testified at that hearing.[24]  All of this occurred within two months of Plaintiff's

---

[20] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).

[21] Dixon Dep. at 31.

[22] *Id.* at 38.

[23] *Id.* at 34.

[24] *Id.* at 34-37.

constructive discharge, and therefore Plaintiff cannot establish that his health issues were severe

enough to prevent him from timely initiating contact with an EEO counselor within 45 days.[25]

 Plaintiff's alleged fear of violence and physical harm from VA employees is similarly

unavailing.  Plaintiff fails to explain how, once he no longer worked for the VA, such threats

could act as a deterrent, especially as the nature of threats as described by Plaintiff related only to

his work.[26]  Plaintiff asserted that there were "physical threats" and "verbal threats" made to him

while he was employed by the VA, and that his "[fear] for [his] life or at least [his] physical

well-being" prevented him from "responding initially."[27]  When asked about the nature of the

threats, however, Plaintiff testified in his deposition that he "wouldn't get [his] work or those

things that [he] needed to maintain his particular numbers."[28]  Plaintiff further explained that he

"had certain point numbers that [he] had to maintain in order to either keep the certain

designation where [he] was … or to be promoted to the next level."[29]

 Although Plaintiff alleged in his EEO Complaint that "[he] was threatened with physical

violence by VA employees who were connected to upper management,"[30] he did not offer any

evidence that the alleged threats extended to the period after his constructive discharge.  Under

---

[25] *Green v. Postmaster General of U.S.*, 437 F. App'x 174, 178 (3d Cir. 2011) (holding that equitable tolling did not apply where the plaintiff claimed severe depression but was able to file pre-complaint forms on two occasions).  The Court notes that Plaintiff produced no evidence, such as from a treating health professional, that his mental health difficulties were so severe as to render Plaintiff incapable of exhausting his administrative remedies. *See also Hatcher v. Potter*, 196 F. App'x 120, 122-23 (3d Cir. 2006) (holding that the filing of a worker's compensation application justified the refusal to apply equitable tolling).  *Accord Estacio v. Potter*, No. 06-2598, 2008 WL 356478, at *7 (E.D. Pa. Feb. 6, 2008) (holding that mental illness may toll the statute of limitation in "only extreme cases, where the illness in fact prevents the sufferer from managing his affairs and therefore from understanding and acting upon his legal rights."), *aff'd*, 344 F. App'x 810 (3d Cir. 2009).

[26] Dixon Dep. at 21.

[27] *Id.* at 17.

[28] *Id.* at 21.  Plaintiff attributed this difficulty to the fact that he was a New York Yankees fan, while co-workers supported the Philadelphia Phillies.  *Id.*

[29] *Id.* at 29.

[30] Notice of Dismissal.

the law of this Circuit, unless the person imposing threats to the plaintiff has the ability to exercise extreme control over the plaintiff during the period when the plaintiff could timely file a claim, the plaintiff has not been prevented from asserting the claim.[31]  Plaintiff has not made the required showing that any alleged threats prevented him from acting after his employment ended.

## IV.    Conclusion

Because Plaintiff failed to exhaust his administrative remedies, Defendant's motion for summary judgment will be granted.  An order will be entered.

---

[31] *Frasier-Kane v. City of Philadelphia*, 517 F. App'x 104, 105-06 (3d. Cir. 2013).  In *Fraiser-Kane*, the Third Circuit rejected equitable tolling where the plaintiff brought an untimely action under § 1983 against a police officer who allegedly arrested her, regularly threatened to harm her, and routinely engaged in acts of intimidation toward her.